JONATHAN W. HARRISON v. JONATHAN E. INGERSOLL.

*Re-issue of patent—Interests under joint conveyance—Action for share of payment.*

1. Re-issue of a patent is to cure defects and cannot destroy vested rights; and under a re-issue to other persons than the original patentees purchasers who have notice of previous equities are bound by them.

2. A conveyance of a chattel interest to two persons does not necessarily give them equal rights therein, and their actual interests as between themselves may be shown.

3. Testimony as to what interest was supposed to be conveyed in a sale is proper to identify the subject of the sale if it does not contradict the writings.

4. All rights under a coal-mining patent were disposed of in fraud of one of the original joint-owners, and he sued for his share of the payment made for a particular territorial right. *Held* not improper for him to state that he was the inventor, as his patent could not have issued without such showing; nor to show the character and workings of the invention as bearing on its effectiveness in the territory sold; and where defendant had confounded the joint interests and had not kept them separate he could not complain of estimates of value based on the extent of the coal-fields, nor that the court had suggested to the jury a certain proportion, as low as any shown by the testimony, which they might use if they were satisfied with it as indicating the ratio between the entire coal-yield and that of the territory in question.

5. One who sues for his share of a payment can sue as for money had and received if he can show by any evidence how much belongs to him, and notwithstanding the fact that defendant has lumped the whole amount so that there is no direct way of showing it.

Error to Wayne. (Jennison, J.) Jan. 14.—Jan. 21.

ASSUMPSIT. Defendant brings error. Affirmed.

*Wilkinson & Post* and *Bean & Underwood* for appellant.

*Moore & Moore* for appellee.

CAMPBELL, J. Harrison who was the inventor of certain machinery used in coal mining, the patent to which he owned jointly with defendant, sued defendant for half the price received for a territorial right over the state of Pennsylvania, which he claims Ingersoll disposed of and never accounted for.

The foundation of the claim is that under a power of attorney given Ingersoll by plaintiff, Ingersoll transferred the Pennsylvania right without consideration to one Chase who conveyed to Charles R. Miller, who took it for Ingersoll and who afterwards received from the latter a transfer of his remaining interest in the patent, to be held for the same purpose.

In October 1880 (Harrison being under guardianship of his wife as incompetent), his guardian and Miller surrendered the old patent and obtained a re-issue to themselves, in order to correct some supposed defects. On November

12, 1881, Miller, acting for Ingersoll and under his instructions, sold the entire rights under this re-issued patent which he held, to one Whitcomb for $10,000. Plaintiff recovered below on the theory that this sale included the entire Pennsylvania right.

The principal contest is upon this fact, and upon the value of the Pennsylvania interest, and the proper method of showing it.

That Miller had a conveyance of it before re-issue is not disputed, and that plaintiff, although it was a fraud on him, could affirm the transfer, is also plain. But it is claimed that by the surrender and re-issue of the patent the new patent which named the guardian and Miller as patentees made them equally interested; and wiped out all previous rights.

For this there is no foundation. The re-issue of a patent is only designed to cure defects in a former issue which it is designed to make perfect. It would not be competent to destroy vested rights by any such action. It is provided by section 4899 of the Revised Statutes of the United States that persons who buy rights from the inventor in advance of any patent may use their purchase afterwards, and there is nothing in the patent laws which precludes assignees from an inventor or patentee from possessing as against him, or any one who is not a purchaser without notice of their claim, anything which is assigned. The law which requires, under section 4898, that assignments shall be recorded, is only to protect innocent purchasers, as its own language declares. We have therefore no doubt that under the re-issue, as before, all but purchasers without notice would be bound by the former agreements, and no such persons appear.

Neither does a conveyance to two persons necessarily make them equally interested, although such may be the presumption. Their true interests, as between themselves, may be shown.

Objection was made to showing by Miller what interests were understood to be conveyed by himself to Whitcomb. As he conveyed what interest he had, such testimony was proper to identify the subject of the sale, and not contradic-

tory of the writings. We see no error in allowing such proof.

Neither do we see any error in allowing plaintiff in his testimony to state that he was the inventor. As the patent could not issue without this showing, and was in the case, it had no tendency to raise any immaterial issues of sympathy or otherwise, and appears to have come in very naturally in the history of plaintiff's dealings with Ingersoll.

It also seems to us that it was not improper to allow testimony as to the character and working of the machine. It became very important to know the relative value of Pennsylvania and other coal regions and the effect of the invention in reducing the expense and labor of coal-working in various coal-mines, and this had at least some relevancy in determining the amount which should be fixed for its share of the price.

This was got at by comparing the extent of the coal-fields. This of course would not lead to a perfect result, but it is difficult to see any better way under the circumstances. The entire price paid for the defendant's interest being $10,000, and a part of that interest belonging really to plaintiff, there must be some means of finding out its fair proportion, and it is legally due to defendant's course in confounding and not separating the two interests, that estimates become necessary.

It is also objected that the court had no right to select the amount of three-fifths as the proportion of Pennsylvania to the whole coal yield, but that if admissible at all the calculation was for the jury. But the court did not direct the jury to take this amount as the measure of their verdict. They were told they might do so if satisfied with it. And inasmuch as no witness put the yield at any less, there was no impropriety in suggesting it.

But it is claimed that such a recovery could not be had under a claim for money had and received, because it is not shown just how much was received for the Pennsylvania interest. This objection is not valid. Defendant received $10,000. So much of it as was plaintiff's share he received for plaintiff, and if by reason of lumping it together he has

not furnished direct means of ascertaining how much of that money was plaintiff's, it was his money, notwithstanding, and may be got at by such evidence as is accessible.

We do not discover any other questions which do not come within the reason of what we have already considered.

The judgment must be affirmed.

The other Justices concurred.