ERNEST L. MORRILL *vs*. NAPOLEON SPENARD.

York County. Decided August 7, 1928. This suit was brought to recover one-half of the amount received by the defendant for the sale of a patent. The sale was made on March 14, 1924, the amount of the sale price was $5,000, and the jury returned a verdict for plaintiff in the sum of $2,500 with interest from the date of sale. The case comes before this court on general motion.

Defendant invented and patented a machine used in the manufacture of shuttle eyes and previous to 1921 assigned one-half interest in the same to plaintiff, the assignment being properly recorded in the United States Patent Office. For some time thereafter, plaintiff and defendant as co-partners manufactured shuttle eyes in a shop owned by the partnership and with machinery owned by the partnership. Later, the partnership business was extended to embrace an automobile business. The patent was not assigned to the partnership. Later on, a corporation was formed for the purpose of carrying on the business of the partnership, the stock in the corporation being originally in equal shares to plaintiff and

defendant. The patent was not assigned to the corporation which after its organization engaged solely in the automobile business, the manufacture of shuttle eyes having been discontinued. Shortly after the organization of the corporation, defendant purchased all of the stock which had been issued to plaintiff, paying him therefor the sum of $9,737.

In 1924 defendant sold to the Draper Company the patent, together with two machines used in making the eyes and a dozen sample eyes, for $5,000. In order to complete the transfer to the Draper Company, it became necessary for the plaintiff to join in the assignment of the patent, which he did. Plaintiff then demanded one-half of the amount received from the Draper Company, which defendant declined to pay.

Defendant claims that the patent was the property first of the partnership and then of the corporation; and that plaintiff, having no interest in the corporation at the time the same was made, is not entitled to any part of the proceeds of the sale. But the patent was never transferred to the partnership nor to the corporation and remained the property of the plaintiff and defendant as individuals up to the time of the transfer to the Draper Company. The evidence entirely justified the jury in so finding.

Defendant also claims that the sale to the Draper Company embraced other property than the patent, and that, therefore, a verdict for the full amount claimed cannot in any event be allowed. He says that in addition to the patent, the $5,000 included the purchase price of two machines and a few shuttle eyes; and that those articles were plainly the property of the partnership in the first instance and by it were transferred to the corporation in which plaintiff now has no interest. There may be merit in this contention, but defendant offered no evidence of the value of these articles or the price at which they were sold, if any price was fixed on them between the corporation and the Draper Company. The jury, therefore, had no opportunity to make a deduction on account of these items. If defendant desired that to be done, it was his duty to present sufficient evidence to enable the jury to make the computation. Under the circumstances, the verdict for the amount found by the jury must stand. Motion overruled. *John G. Smith*, for plaintiff. *Joseph R. Paquin*, for defendant.