No. 12,494.

SEIDENSTICKER *v.* BEAN ET AL.

(300 Pac. 366)

Decided May 18, 1931. Rehearing denied June 15, 1931.

Mr. WILLIAM DILLON, Mr. J. M. TAYLOR, for plaintiff in error.

Mr. EDWIN N. BURDICK, Mr. CLARENCE O. MOORE, for defendants in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

ON June 22, 1927, E. G. Seidensticker brought suit against L. A. Bean and the Triple Light Company in the Denver district court seeking the determination of his rights under the following assignment:

"Know all men by these presents, That Whereas, Louis A. Bean is the owner of a certain patent signalling device for motor vehicles and has applied for an additional patent on a direction indicator for automobiles and has a certain device for which patent has not been applied, known as an automobile indicator, and is desirous of disposing of an interest in said patents and devices;

"Now therefore, For and in consideration of the sum of Two Thousand Dollars ($2,000.00) the receipt of which is hereby confessed and acknowledged, the undersigned, Louis A. Bean does hereby sell, assign, and set over to Edward G. Seidensticker of Douglas County, Colorado, an undivided one-fifth interest in and to the patent signalling device for motor vehicles, which patent was granted on the 19th day of April, 1919, patent No. 1301090, Serial No. 237248, and an undivided one-fifth interest in and to an applied for patent known as the direction indicator, for which patent was applied on the 25th day of August, 1919, being of the series 1915 and No. 319749, also an undivided one-fifth interest in a device to be known as an automobile signalling device, for which patent has not been applied, but which has been explained to the purchaser, meaning hereby to con-

vey by this assignment an undivided one-fifth interest in and to the patents, applications and all future patents for automobile signals in the United States when issued as hereinbefore indicated.

"In witness whereof, I have hereunto set my hand and seal this 10th day of December, A. D. 1919.

"(Signed) Louis A. Bean.

"(Signed) Geo. J. Humbert,
                Witness."

He now seeks to review an adverse decision of that court.

The plaintiff claims that by virtue of said assignment he is entitled to a one-fifth interest in the following patents: Patent No. 1301090—Direction Indicator, Patent No. 1340363—Direction Indicator, Patent No. 1413823—Direction Indicator, Patent No. 1413824—Direction Indicator, Patent No. 1478542—Direction Indicator for Automobiles, Patent No. 1454228—Automatically Controlled Spotlight, Patent No. 1480364—Reflector, Patent No. 1544881—Auto Headlight Supporting Means, Patent No. 1559929—Double Focusing Reflector, Patent No. 1559930—Auto Headlight.

The district court decreed, as contended by defendants, that only patents Nos. 1301090, 1340363, 1413823, 1413824 and 1478542 all being "signalling devices" were so assigned, and denied an accounting.

■ This suit appears to be an effort to obtain an interest in certain patented inventions, not covered by the assignment, based upon the claim that they are signalling devices and as such were intended to be included therein.

The court's determination of the intention of the parties expressed in said assignment is correct. At the time of its execution, Bean had invented an automobile appliance to be used solely as a direction indicator or signal to warn pedestrians, automobilists and others. His original idea had been patented, patent for an improvement thereon had been applied for, and patent was to be

applied for another improvement. Several years later Bean invented his automatically controlled spotlight, double focusing reflector, automobile headlight and supporting means.

Miniature replicas of the inventions were introduced as exhibits and demonstrations made of their intended use. The original direction indicator was a contrivance attached to an automobile convenient to the driver's seat and operated by him, a metal hand, operated by a lever, adjustable to three positions, downward—stop, outward —left turn, and upward—right turn. The subsequent patents of this original idea covered mechanical improvements thereon, the metal hand was illuminated for night use and the method of its operation greatly improved.

Patent No. 1454228 applied for April 25, 1922, and issued May 8, 1923, under the designation "Automatically Controlled Spotlight" covered an invention whereby a spotlight is automatically attached so that it will follow the movements of the front wheels of an automobile and keep the road ahead lighted regardless of turns.

Patent No. 1480364 applied for April 16, 1923, and issued January 8, 1924, under the designation "Reflector" provides for a reflector for an automobile headlight which projects an intense light in a fan-shaped beam vertically narrow and horizontally wide preventing glare to an approaching driver. One of the chief objects of this reflector as recited in said patent is: "To provide a reflector which will intensely illuminate at the sides of the lamp in order that the motorist can at all times view his surroundings and the side roads and turns before he has turned into them."

Patent No. 1559929 applied for May 5, 1924, and issued November 3, 1925, and patent No. 1559930 applied for May 19, 1924, and issued November 3, 1925, cover improvements of said reflector.

Patent No. 1544881 applied for July 3, 1923, and issued July 7, 1925, under the designation "Auto Head-

light Supporting Means,'' covers a mechanical appliance for the attachment of automobile lights.

The principal purpose and use of an automobile headlight is to illuminate the road ahead for the guidance of the driver. While it may be used to signal others, such use is generally incidental. Its beam may mean that a car is not in motion, is moving forward, backward, rapidly or slowly or turning to right, left or around, but such warning only discloses the position or course of the car resulting from the consummated intention of its driver, not his intended action.

A direction indicator is solely for the guidance of others. It is usable by day as well as by night. Its purpose is to warn of the impending action of the driver given in ample time to avoid danger.

The last clause of the assignment expressly refers to such ''automobile signals * * * as hereinbefore indicated,'' which undoubtedly limits the character thereof to devices used to indicate to pedestrians and other automobilists, the intended position and course of an automobile. If it were necessary to go beyond the express provision of said assignment, the evidence overwhelmingly supports this determination of the intention of the parties.

The record discloses that after the execution of the assignment in question, and on April 10, 1920, Bean, without Seidensticker's knowledge, entered into a contract with George Fruth and H. E. McElwain, the provisions of which contemplated the formation of a corporation and the transfer to it by Bean of ''all his right, title and interest in and to said improvements in automobile signals, and in and to the letters patent aforesaid [No. 1301090] the same to be held and enjoyed by the said company or trust to the full end of the term for which said letters patent have been granted, and the said patentee also covenants and agrees to assign and transfer to the said company or trust, when discovered by him, any and all improvements upon his invention aforesaid,

and any letters patent that may be issued therefor; and that he will accept in lieu of said assignment or assignments, forty per cent (40%) of the nonassessable capital stock of such corporation or declaration of trust.''

Fruth and McElwain agreed ''to bear the expenses to be incurred preliminary to perfecting the present model or future models, and to arranging for the manufacture and marketing of said device; and they will accept in lieu thereof, and of effecting said arrangements for the manufacture and sale of said device; sixty per cent (60%) of the capital stock of the company or declaration of trust to be formed.''

The contract further provided that if the model were not satisfactory or did not prove salable or for ''any unforeseen reason'' Fruth and McElwain could withdraw from such organization.

Fruth testified that pursuant to this contract he had invested in the hand signal ''somewhere between three and five thousand dollars'' but that the corporation was not formed and the contract was abandoned because ''we couldn't put it over.''

Bean led Fruth and McElwain to believe that he was the sole owner of the patent covering the direction indicator and as such agreed to convey the same and improvements·thereon thereby obtaining one-fifth more than he would have received had Seidensticker's interest been disclosed.

Under these circumstances, it is only equitable and just that Bean account to Seidensticker for his proportionate share of the profits, if any, on all moneys advanced by Fruth and McElwain pursuant to the terms of said option contract, and the court erred in failing to so decree.

In *Haserot v. Keller,* 67 Cal. App. 659, 668, 228 Pac. 383, the applicable rule is announced as follows: ''Appellant, by granting exclusive rights to innocent licensees at a time when he was the apparent owner of all the monoply created by the reissued letters patent, undertook to and did exercise not only his own individual right

as a co-owner but also the individual right which, in equity, belonged to respondent as a co-owner, and that, therefore, appellant was properly held accountable for the profits which accrued to him by his wrongful exercise of respondent's right." See also *Morrill v. Spenard*, 127 Me. 545, 142 Atl. 779, and *Harrison v. Ingersoll*, 56 Mich. 36, 22 N. W. 268.

Except as herein indicated, the judgment is affirmed and the cause remanded to the district court with directions to proceed in harmony herewith.

Affirmed in part, reversed in part, and remanded.

Mr. Chief Justice Adams, Mr. Justice Butler and Mr. Justice Burke concur.